MEMORANDUM **
Biyun Yu, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from the Immigration Judge’s (“IJ”) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, Zhu v. Mukasey, 537 F.3d 1034, 1038 (9th Cir.2008), and we review for abuse of discretion the IJ’s discretionary denial of asylum, Gulla v. Gonzales, 498 F.3d 911, 915-16 (9th Cir.2007). We grant the petition for review.
Substantial evidence does not support the agency’s adverse credibility determination because the inconsistencies cited by the IJ are either not supported by the record, based on speculation, or relate to testimony or documents about which Yu was not provided an opportunity to explain. See Soto-Olarte v. Holder, 555 F.3d 1089, 1091-92 (9th Cir.2009) (adverse credibility finding unsupported where petitioner not given an opportunity to explain); He v. Ashcroft, 328 F.3d 593, 600 (9th Cir.2003) (adverse credibility finding not supported where IJ misstated the evidence). Moreover, neither the IJ nor the BIA addressed the explanation Yu offered at the hearing for the perceived inconsistencies in the doctor’s report. See Kaur v. Ashcroft, 379 F.3d 876, 887 (9th Cir.2004) (“An adverse credibility finding is improper when an IJ fails to address a petitioner’s explanation for a discrepancy or inconsistency.”).
*376 Because the adverse credibility finding is not supported, substantial evidence does not support the agency’s conclusion that Yu filed a frivolous application. See 8 C.F.R. § 208.20; see also In re YL- 24 I. & N. Dec. 151, 155 (BIA 2007). For the same reason, and because the IJ did not weigh the equitable factors in the record, the IJ abused her discretion in denying asylum on discretionary grounds. See Güila v. Gonzales, 498 F.3d 911, 915-16 (9th Cir.2007).
Accordingly, we grant the petition for review and remand for the agency to reconsider Yu’s credibility and applications for relief. See Soto-Olarte, 555 F.3d at 1095-96; see also INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.